PER CURIAM.
Calder Race Course, Inc. (Calder), appeals the Department of Business and Professional Regulation, Division of Pari-Mutuel Wagering’s (Division), denial of its request for a formal administrative hearing concerning a statutory limitation on simulcasting. We reverse.
In June of 1995, Calder sent a letter to the Division requesting permission to conduct full-card simulcasting. Simulcasting is the television broadcast of live in-state events to an out-of-state location; or the receiving of live out-of-state events at an in-state location, § 550.002(31), Fla.Stat. (1993). Section 550.3551(6), Florida Statutes (1993), places a 20% limitation on simulcasting in order to protect pari-mutuel wagering at live races, and provides:
“In no event shall more than 20 percent of the races or games on which wagers are taken during any race meet be broadcast from locations outside of this state except when otherwise authorized by the division. In making this determination, the division shall consider the best interests of racing and shall take into account the need to promote live racing and the purse distribution. A permit holder may not conduct fewer than eight live races on any authorized race day except as provided in this subsection.”
On June 29, 1995, the Division sent a response letter to Calder, stating that it was unwilling to lift the 20% limitation “until such time as the Legislature has the opportunity *298 to review the simulcast issue further.” Calder then filed a petition with the Division requesting a formal administrative hearing.
On July 27, 1995, the Division denied the request for a formal hearing. Calder appeals the initial denial of its request for full-card simulcasting and the Division’s subsequent denial of its request for a formal administrative hearing.
Section 550.3551(6) gives the Division authority to take agency action in granting or denying a request to exceed the 20% limitation. This Section provides that the Division “shall consider the best interests of racing and shall take into account the need to promote live racing and the purse distribution” in carrying out that intent.
The Division’s letter denying Calder’s request for full-card simulcasting did not consider “the best interests of racing.” By refusing to review the matter “until such time as the Legislature has the opportunity to review the simulcast issue further,” the letter constituted an effective denial of Calder’s request.
Calder was then entitled to challenge the agency decision by invoking procedural administrative processes because the Division engaged in “agency action” when it exercised its discretion to deny the request. See § 120.52(2), Fla.Stat. (1993); Friends of the Hatchineha, Inc. v. Department of Envtl. Regulation, 580 So.2d 267 (Fla. 1st DCA 1991); Manasota-88, Inc. v. Gardinier, Inc., 481 So.2d 948 (Fla. 1st DCA 1986).
Section 120.57(1), Florida Statutes (1993), provides for formal administrative proceedings to resolve disputes where final agency action affects a party’s substantial interests. The Division’s actions affected Calder’s substantial interests in the use of its pari-mutuel wagering license. Calder is thus entitled to an administrative hearing with a full and fan-opportunity to present evidence in support of its request. See Gregory v. Indian River County, 610 So.2d 547 (Fla. 1st DCA 1992); Town of Palm Beach v. Department of Natural Resources, 577 So.2d 1383 (Fla. 4th DCA 1991); Agrico Chemical Co. v. Department of Envtl. Regulation, 406 So.2d 478 (Fla. 2d DCA 1981), rev. denied, 415 So.2d 1359 (Fla. 1982), rev. denied, 415 So.2d 1361 (Fla.1982).
Accordingly, we reverse and remand instructing the Division to hold a formal administrative hearing in order to ensure the generation of a proper record, as well as responsible agency decisionmaking and poli-cymaking. We are not unmindful of the Division’s good faith interpretation of Section 550.3551(6), and thus deny Calder’s request for attorney’s fees and costs.
Reversed and remanded with instructions.